IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEITH BAKER, et al., | ) |
|         Plaintiffs, | ) |
| vs. | ) Case No. 12-cv-1245-MJR-SCW |
| AMSTED RAIL COMPANY, INC., | ) |
|         Defendant. | ) |

MEMORANDUM and ORDER

REAGAN, District Judge:

Resolution of a pending motion in this case begins with reference to a previous lawsuit in this Court -- *Marshall, et al. v. Amsted Rail Co., Inc.,* **Case No. 10-cv-0011-MJR-SCW**. *Marshall* was a suit by 478 hourly workers at Defendant Amsted's Granite City plant who sought to recover unpaid wages, overtime compensation and liquidated damages under the Fair Labor Standards Act (FLSA). The undersigned Judge conditionally certified the case as a collective action. Discovery proceeded, motions were filed, extensively briefed, heard and ruled on, and the case progressed. Ultimately, the undersigned Judge denied final certification (i.e., granted Amsted's motion for class/collective decertification), allowing only the claims of the two named plaintiffs to proceed to trial in *Marshall*.[1]

---

[1] The parties consented to disposition of *Marshall* by Magistrate Judge Donald G. Wilkerson. Docket information indicates that the case (i.e., the claims of named Plaintiffs Marshall and Whitby) will proceed to trial February 25, 2013 before Judge Wilkerson.

In refusing to permit the claims of all 478 plaintiffs to proceed in one trial in *Marshall*, the undersigned Judge found the following:

(a)   The undeniable differences in the 478 plaintiffs' job titles, job duties, compensation plans, and other employment circumstances produce highly particularized claims requiring fact-specific inquiries which render it inappropriate to try them collectively.

(b)   There is no required series of events that begins or ends all plaintiffs' work days, and there is no common routine among the plaintiffs in terms of their pre- and post-shift actions. To the contrary, the plaintiffs differ both in what they do before and after their shifts and in what their principal activities are.

(c)   This is not a case in which the defendant's defenses can be applied "across the board" to all plaintiffs' claims.

(d)   Proceeding via collective action with all 478 Plaintiffs raises fairness concerns and presents serious manageability problems for the Court.

Thus, on November 13, 2012, the Court decertified the action, after finding the various plaintiffs' claims dissimilar and a collective jury trial inappropriate and unmanageable (*see* Doc. 243). The claims of the 476 opt-in plaintiffs were dismissed without prejudice.

Since then, four new lawsuits were filed in this Court, each one by a group of 20 or so plaintiffs dismissed out of the original *Marshall* suit. The civil cover sheets filed by counsel in the four new actions did not reference *Marshall* as a "related case," so the Clerk's Office had no way to know the cases grew out of *Marshall*, and the cases were randomly assigned to different Judges. Upon learning of the filings two weeks ago, the undersigned Judge alerted the other involved District Judges, and all four cases were reassigned to the original District and Magistrate Judge from *Marshall*, the undersigned and Magistrate Judge Stephen C. Williams.

That reassignment was in keeping with the practice in this District Court, and the Seventh Circuit Court of Appeals' directive, that related cases filed within the same District Court should be handled by a single District Judge. *See, e.g., Smith v. Check-N-Go of Illinois*, **200 F.3d 511, 513 n.1 (7th Cir. 1999);** *Blair v. Equifax Check Services*, **181 F.3d 832, 839 (7th Cir. 1999).** This discourages judge-shopping, safeguards against inconsistent rulings, and promotes judicial economy.

With that backdrop in mind, the Court turns to a motion filed yesterday by Plaintiffs in the first of the "new" batch of Amsted cases – *Keith Baker, et al. v. Amsted Rail Co., Inc.*, **12-cv-1245-MJR-SCW.** Plaintiffs ask that this District Judge (a) consolidate the four new cases, plus "all related cases filed in the future" by current or former Amsted employees into Case No. 12-cv-1245 (i.e., re-filing all the complaints and henceforth filing any other pleadings from all cases *in* Case No. 12-cv-1245), and (b) enter a proposed Case Management Order that, inter alia, divides the consolidated mass into a series of separate bellwether trials, with counsel selecting which plaintiffs from which cases shall be tried together in which sequence.

Plaintiffs' counsel suggest that bellwether trials would allow them to "obtain the informed verdict of independent juries," better gauge "the strengths and weaknesses of Plaintiffs' claims, Defendants' defense, and jury perceptions," and assist in evaluating claims for settlement (Doc. 13, p. 2). Additionally, the motion notes that individual trials in the cases "would take years of trial time," involve "countless attorney dollars," and result in unproductive or duplicative discovery (Doc. 13, pp. 7-8).

The Court **DENIES AT THIS TIME** the motion for consolidation (Doc. 13).

Federal Rule of Civil Procedure 42 authorizes a district court to consolidate two or more actions with common factual or legal issues for *discovery*, for *trial*, or both. There clearly are common issues of law and fact in the series of Amsted FLSA cases filed by Plaintiffs. But that alone does not merit consolidating scores or hundreds (possibly 476 of the originally dismissed Plaintiffs) into a single action (Case No. 12-cv-1245) with all filings, motions, and rulings for all those Plaintiffs being made in one case. Counsel have chosen to file (to date) four separate actions with 20 or 25 Plaintiffs each. At this point, Plaintiffs have identified no reason warranting all filings for all Plaintiffs from all cases being made in one case file. Furthermore, Plaintiffs anticipate filing additional cases with additional sets of Plaintiffs. Those cases are not yet filed, those Plaintiffs are not yet named, and the claims are not yet pled. There may be merit in the suggested approach, but it is premature to declare all cases, parties, and claims suited for consolidation under Rule 42.

      That having been said, the undersigned District Judge already had considered (and discussed with Judge Williams) a **coordinated** pretrial discovery schedule being entered in *each of* the four cases on file (Case Nos. 12-cv-1245, 13-cv-0006, 13-0031 and 13-0064) -- or perhaps a Master Scheduling and Discovery Order for all *Marshall* spin-off cases. The Court intends to solicit counsel's input as to appropriate jury trial dates for the four existing actions and to look to Judge Williams to fashion an acceptable pretrial discovery schedule based on those trial dates. And if the parties have a joint plan for staggered discovery (e.g., working off the jury verdict in *Marshall*) or a joint proposal for a sequence of trials, the Court will consider such ideas.

But the Court is disinclined to consolidate into a single case hundreds of claims which Plaintiffs have elected to present via separate actions and which the undersigned Judge exhaustively examined and found unsuitable for collective trial.

Accordingly, the Court **DENIES AT THIS TIME** Plaintiffs' motion to consolidate (Doc. 13) and **SETS A STATUS CONFERENCE to discuss the broad parameters of scheduling** in these cases. Counsel shall appear in Court before the undersigned Judge at **1:00 pm on Friday, February 8, 2013** – the first available slot on this Judge's docket. Judge Williams will participate in the status conference. Counsel should be prepared to address discovery scheduling with Judge Williams (and may continue the status conference before Judge Williams at 1:30 pm, in Judge Williams' courtroom).

IT IS SO ORDERED.

DATED January 30, 2013.

                                                      s/ *Michael J. Reagan*
                                                      Michael J. Reagan
                                                      United States District Judge